UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LYNCH, | No. 2:22-cv-01908-TLN-DMC |
| Plaintiff, | |
| v. | **ORDER** |
| ULTA SALON, COSMETICS & FRAGRANCE, INC., | |
| Defendant. | |

This matter is before the Court on Defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 14.) Plaintiff Brandon Lynch ("Plaintiff") filed an opposition. (ECF No. 17.) Defendant filed a reply. (ECF No. 21.) For the reasons set forth below, the Court hereby GRANTS Defendant's motion.

///
///
///
///
///
///
///

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is Defendant's former employee. (ECF No. 11 at 2, ¶ 5.) On or about May 8, 2021, Plaintiff informed Defendant he was not feeling well and that he would like "a few days off" from work. (*Id.* at 2, ¶ 6.) Between May 8 and May 10, 2021, Plaintiff alleges he "was informed and believe[d] that he was suffering from symptoms of COVID-19 including but not limited to fatigue and nausea." (*Id.* at 2, ¶ 7.) On May 10, 2021, Plaintiff requested an additional seven days off work. (*Id.* at 2, ¶¶ 7–8.) Defendant responded to Plaintiff's request for additional sick time with a text message that stated, "we have decided to accept your resignation effective today." (*Id.* at 2, ¶ 9.) Defendant terminated Plaintiff's employment on May 10, 2023. (*Id.*)

On November 15, 2022, Plaintiff filed the operative First Amended Complaint ("FAC"), alleging seven causes of action related to his employment with Defendant. (*Id.* at 2-14.) On November 29, 2022, Defendant filed the instant motion to dismiss Claims Two and Three pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 14.)

## II.     STANDARD OF LAW

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

3

**III.     ANALYSIS**

   A.     Claim Two

In Claim Two, Plaintiff alleges Defendant retaliated against him in violation of Labor Code § 98.6 ("§ 98.6") because he used sick leave and/or COVID-19 supplemental paid sick leave as afforded to him by Labor Code §§ 246, 248.6, 248.7 and 6409.6. (ECF No. 11 at 4.)

Section 98.6(a) states

> A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

In moving to dismiss, Defendant argues Plaintiff fails to allege he engaged in "protected conduct" within the meaning of § 98.6 because there are no allegations Plaintiff complained about unpaid wages or Labor Code violations during his employment. (ECF No. 14-1 at 5.) In opposition, Plaintiff cites *Grinzi v. San Diego Hospice Corp.*, 120 Cal. App. 4th 72 (2004), to support the contention that § 98.6 broadly prohibits terminations for the exercise of "any rights" protected by the Labor Code, such as using sick leave. (ECF No. 17 at 6.)

Neither party provides authority directly on point. While *Grinzi* does seem to suggest that § 98.6 should be interpreted broadly, the plaintiff in *Grinzi* did not allege a § 98.6 claim. Rather, she brought a wrongful termination in violation of public policy claim, alleging she was terminated because of her membership in an investment group that met outside of working hours. 120 Cal. App. 4th at 78. The *Grinzi* court only examined § 98.6 to decide whether it supported the existence of a "public policy against termination for lawful conduct during nonworking hours." *Id.* at 84–85. Not only is *Grinzi* procedurally different than the instant case, but it also

did not address the specific question of whether using sick leave constitutes "protected conduct" within the meaning of § 98.6. In short, although Plaintiff cites various Labor Code violations as the basis for Claim Two, he fails to adequately explain how those violations — even if sufficiently alleged — constitute "protected conduct" under § 98.6.

For its part, Defendant fails to cite authority to support its argument that "protected conduct" is limited to *complaints* about unpaid wages or Labor Code violations. However, most, if not all, of the cases the parties cite involve retaliation for some type of complaint or whistleblowing. *See Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 575 (9th Cir. 2022) (dismissing plaintiff's retaliatory whistleblowing claim on his employer's anti-union activities because plaintiff did not begin a formal complaint with the Labor Commission); *Alabado v. French Concepts*, No. CV 15–2830 FMO (AJWx), 2016 WL 5929247 at *10 (C.D. Cal. May 2, 2016) (finding a § 98.6 violation because the plaintiffs began the process of filing a whistleblower complaint with the Labor Commission); *Hollie v. Concentra Health Services, Inc.*, No. C 10–5197 PJH, 2012 WL 993522 at *5 (N.D. Cal. Mar. 23, 2016) (reasoning an employee complaining to company superiors of labor practices — without further action — and refusing to come to work do not constitute "protected conduct" under § 98.6).

Based on the limited authority on this issue and the lack of meaningful analysis by Plaintiff, the Court concludes Plaintiff fails to allege he engaged in "protected conduct" within the meaning of § 98.6. Accordingly, the Court GRANTS Defendant's motion to dismiss Claim Two with leave to amend.

### B.   Claim Three

In Claim Three, Plaintiff alleges Defendant retaliated against him for being ordered to quarantine or isolate in violation of Labor Code § 6409.6 ("§ 6409.6"). (ECF No. 11 at 6.) Section 6409.6 states in relevant part, "[an] employer shall not retaliate against a worker for disclosing a positive COVID-19 test or diagnosis or order to quarantine or isolate." Lab. Code § 6409.6(j).

Defendant moves to dismiss Claim Three for three reasons: (1) any action under § 6409.6 requires a "positive COVID-19 test or diagnosis," not just mere symptoms of COVID-19; (2) §

5

1  6409.6 does not create a private right of action, and the exclusive remedy under § 6409.6 is
2  through the Labor Commission; and (3) the Plaintiff missed the statute of limitations, which
3  specifies any action must be filed within one year of the incident.  (ECF No. 14-1 at 6–7.)
4  Because the Court agrees with Defendant's first argument, the Court need not and does not
5  address Defendant's remaining arguments.

6  Plaintiff alleges he "was informed and believe[d] he was suffering from symptoms of
7  COVID-19 including but not limited to fatigue and nausea."  (ECF No. 11 at 2, ¶ 7.)  Other than
8  his symptoms, Plaintiff makes no assertions as to how he was "informed" he had COVID-19.
9  Thus, Plaintiff fails to persuade the Court that these facts equate to a "positive COVID-19 test or
10 diagnosis" as required by § 6409.6.  Moreover, since 2020, California courts have defined a
11 positive COVID-19 case as any of the following: (1) "a positive COVID-19 diagnosis from a
12 *licensed health care provider*"; (2) "a positive COVID-19 test"; (3) "the person is subject to a
13 COVID-19-related order to isolate *issued by a local or state health official*"; or (4) the person
14 "has died due to COVID-19."  Cal. Code Regs. Tit. 8, § 3205(b)(3)(A-D); *see also W. Growers*
15 *Assn. v. Occupational Safety and Health Standards Bd.*, 73 Cal. App 5th 916, 946 (2021)
16 (holding that the definitions set forth in § 3205 of the Code of Regulations for a positive COVID-
17 19 diagnosis are comprehensive and no other alternatives will be accepted) (emphasis added).
18 Plaintiff's allegations do not meet any of the forementioned definitions of a COVID-19 diagnosis,
19 and Plaintiff fails to cite any authority to suggest that some other definition applies.

20 Accordingly, the Court GRANTS Defendant's motion to dismiss Claim Three with leave
21 to amend.

22 **IV.    CONCLUSION**

23 For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss with leave
24 to amend.  (ECF No. 14.)  Plaintiff may file an amended complaint not later than thirty (30) days
25 from the electronic filing date of this Order.  Defendant shall file a responsive pleading not later
26 than twenty-one (21) days from the electronic filing date of the amended complaint.  If Plaintiff
27 opts not to file an amended complaint, the case will proceed on Plaintiff's remaining claims and
28 Defendant shall file an answer not later than twenty-one (21) days from Plaintiff's deadline for

1 filing an amended complaint.

2     IT IS SO ORDERED.

3 Date: June 12, 2023

                                                Troy L. Nunley
                                                United States District Judge