UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LYNCH, | No. 2:22-cv-01908-TLN-DMC |
| Plaintiff, | |
| v. | **ORDER** |
| ULTA SALON, COSEMETICS & FRAGRANCE, INC., | |
| Defendant. | |

This matter is before the Court on Defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 36.) Plaintiff Brandon Lynch ("Plaintiff") filed an opposition. (ECF No. 37.) Defendant filed a reply. (ECF No. 39.) For the reasons set forth below, the Court hereby GRANTS Defendant's motion.

///
///
///
///
///
///
///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts, as they are set forth fully in the Court's June 14, 2023 Order.  (ECF No. 34.)  In short, this case arises from allegations that Defendant unlawfully terminated Plaintiff's employment because Plaintiff requested to use his accrued sick leave.  On July 12, 2023, Plaintiff filed the operative Second Amended Complaint ("SAC"), alleging six state law claims against Defendant.  (ECF No. 35.)  On August 2, 2023, Defendant filed the instant motion to dismiss Claim Two, which is a claim for retaliation under California Labor Code § 98.6 ("§ 98.6").  (ECF No. 36.)

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an

1   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

2   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

3   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

4   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

5   statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences

6   are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355

7   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the

8   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

9   in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

10  *Council of Carpenters*, 459 U.S. 519, 526 (1983).

11          Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

12  facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim

13  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

14  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

15  680.  While the plausibility requirement is not akin to a probability requirement, it demands more

16  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility

17  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

18  experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or

19  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

20  dismissed.  *Id.* at 680 (internal quotations omitted).

21          If a complaint fails to state a claim, "[a] district court should grant leave to amend even if

22  no request to amend the pleading was made, unless it determines that the pleading could not

23  possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

24  2000) (en banc).  Although a district court should freely give leave to amend when justice so

25  requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad'

26  where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas*

27  *& Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d

28  616, 622 (9th Cir. 2004)).

1

### III.   ANALYSIS

2        In moving to dismiss Claim Two, Defendant argues the SAC lacks facts necessary to

3 establish a claim for retaliation in violation of § 98.6.  (ECF No. 36-1 at 2.)  In opposition,

4 Plaintiff argues he alleges sufficient facts to state a claim.  (ECF No. 37.)

5        The Court agrees with Defendant.  The Court previously dismissed Plaintiff's § 98.6 claim

6 with leave to amend because Plaintiff failed to allege sufficient facts to show he engaged in

7 "protected conduct" within the meaning of § 98.6.  (ECF No. 34 at 5.)  Plaintiff again fails to do

8 so in his SAC.

9        In arguing he sufficiently alleges he engaged in "protected conduct," Plaintiff relies on

10 language in § 98.6(a) that states, "A person shall not discharge an employee or in any manner

11 discriminate, retaliate, or take any adverse action against any employee . . . because of the

12 exercise by the employee . . . of any rights afforded him or her."  (ECF No. 37 at 7.)  However,

13 "[w]hile framed in broad language, a California court of appeal that has examined [§ 98.6(a)'s]

14 legislative history has found that the reference to 'any rights' covers only conduct protected by the

15 Labor Code."  *Gwin v. Target Corp.*, No. 12-05995 JCS, 2013 WL 5424711, at *8 (N.D. Cal.

16 Sept. 27, 2013) (citing *Grinzi v. San Diego Hospice Corp.*, 120 Cal. App. 4th 72, 86–88 (2004)).

17        In the instant case, Plaintiff alleges he was terminated due to his request to use accrued

18 sick leave.  (ECF No. 35 at 3.)  Plaintiff fails to cite any authority or provide any argument that

19 shows that requesting to use or using accrued sick days is "conduct protected by the Labor Code"

20 within the meaning of § 98.6(a).  Instead, Plaintiff merely cites California Labor Code §§

21 246(a)(1), 246.5(a), and 246.5(c)(1) without any further explanation.[1]  (*Id*. at 5.)  The Court

22 construes Plaintiff's argument to be that using accrued sick leave is "protected conduct" under §

23 98.6 because the California Labor Code requires an employer to provide paid sick days, prohibits

24 employers from denying an employee's right to use accrued sick days, and prohibits employers

25 from discharging an employee for using accrued sick days.  (ECF No. 35 at 5.)

26

---

27  [1]    The Court notes Plaintiff also cites California Labor Code § 246.5(c)(1) as a basis for

28 Claim One, which similarly alleges Defendant retaliated against Plaintiff for his use of sick leave. (ECF No. 35 at 3.)

1   The Court rejects Plaintiff's argument.  Notably, the Court already rejected this argument

2   in ruling on Defendant's prior motion to dismiss the § 98.6 claim and incorporates the same

3   reasoning herein.  (ECF No. 34 at 4–5.)  Plaintiff again fails to cite authority for the sweeping

4   proposition that any conduct delineated in the Labor Code constitutes "protected conduct" within

5   the meaning of § 98.6(a).  To the contrary, "protected conduct" is limited to conduct that falls

6   under the categories expressly enumerated in § 98.6(a), which includes "conduct delineated in

7   Chapter 4 of Division 1, or Chapter 5 of Part 3 of Division 2 of the California Labor Code" and

8   "filing a complaint or initiating an action or grievance procedure against an employer based on

9   Labor Code violations."  *See Pursley v. VIA Prods., LLC*, No. 2:16-CV-03745-RGK-SK, 2017

10  WL 11634360, at *3 (C.D. Cal. July 14, 2017) (dismissing a § 98.6(a) claim because the conduct

11  delineated in § 233 — which involves the use of sick leave — did not fall under any of the

12  limited categories of protected conduct set out in § 98.6); *Hollie v. Concentra Health Servs., Inc.*,

13  No. C 10-5197 PJH, 2012 WL 993522, at *7 (N.D. Cal. Mar. 23, 2012) (finding the plaintiff's

14  activities were not protected under § 98.6 because they do not fall within the categories set forth

15  in that statute); *Hamilton v. Juul Labs, Inc.*, No. 20-CV-03710-EMC, 2021 WL 275485, at *11

16  (N.D. Cal. Jan. 27, 2021) ("[Section] 98.6 expressly prohibits employers from discharging or

17  discriminating against an employee for whistleblowing activities protected by § 1102.5 in Chapter

18  5 of Part 3 of Division 2 of the Labor Code."); *Franklin v. Sacramento Area Flood Control*

19  *Agency*, No. CIV 07-1263 WBS GGH, 2009 WL 2399569, at *18 (E.D. Cal. Apr. 29, 2009)

20  ("[Plaintiff] engaged in protected activity by sending [Executive Director] a copy of her

21  administrative complaint . . .  containing allegations of wage violations.").

22  In the instant case, §§ 246(a)(1), 246.5(a), and 246.5(c)(1) are in Chapter 1 of Part 1 of

23  Division 2 of the Labor Code and have nothing to do with "filing a complaint or initiating an action

24  or grievance procedure against an employer based on Labor Code violations."  Since the statutes

25  Plaintiff cites do not fall within the categories of protected conduct set forth in § 98.6(a) — and

26  absent any meaningful argument from Plaintiff — the Court concludes Plaintiff fails to allege he

27  engaged in "protected conduct" within the meaning of § 98.6.

28  ///

1    **IV.    CONCLUSION**

2        For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss.

3    (ECF No. 36.)  Because the Court has already outlined for Plaintiff the deficiencies in his

4    pleadings and Plaintiff has failed to correct these deficiencies, the Court finds further amendment

5    would be futile.  As such, the Court dismisses Claim Two without leave to amend.  The case will

6    proceed on Plaintiff's remaining claims, and Defendant shall file an answer no later than twenty-

7    one (21) days from the electronic filing date of this Order.

8        IT IS SO ORDERED.

9    Date:  October 24, 2023

10

11

12    _____

13    Troy L. Nunley
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6